# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JASON S. BARBER, | ) | |
|                Plaintiff, | ) | |
| v. | ) | 1:10-cv-815-TWP-DML |
| | ) | |
| CHIEF MICHAEL SPEARS, | ) | |
| OFFICER GARTH SCHWOMEYER, | ) | |
| OFFICER MATT HALL, and | ) | |
| OFFICER JERRY CANNON, | ) | |
| | ) | |
|                Defendants. | ) | |

**Entry on Motion for Summary Judgment of Defendant Elam**

Plaintiff Jason Barber ("Barber") brings this civil rights action against Defendants Chief Michael Spears, Officer Garth Schwomeyer, Trooper Donna Elam, Officer Matt Hall, and Officer Jerry Cannon.

Barber alleges a claim of wrongful arrest against Defendant Trooper Donna Elam ("Elam"). Elam seeks resolution of this claim through summary judgment. Barber has not opposed the motion. For the reasons explained in this Entry, Elam's motion for summary judgment (dkt 36) is **GRANTED**.[1]

## I. Summary Judgment Standard

A motion for summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the *Federal Rules of Civil Procedure*. A "material fact" is one that "might affect the

---

[1] Barber does not state whether the defendants are sued in their individual capacities, official capacities, or both. For purposes of this Entry, the court treats Barber's claim against Trooper Elam as one asserted in her individual capacity. Even if an official capacity had been alleged, it would be subject to summary dismissal because such a claim would be in all respects other than name treated as a suit against the State of Indiana, and the State cannot be sued in federal court because of its Eleventh Amendment immunity. *Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995).

outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* "The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

The non-moving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1104 (7th Cir. 2008) (citing cases). In this case, the defendant has met that burden through her motion for summary judgment, which Barber has not opposed. The consequence of this is that he has conceded the defendant's version of the facts. *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997). This is the result of Local Rule 56.1(h), of which Barber was notified. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). This does not alter the standard for assessing a Rule 56 motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (3) grant summary judgment if the motion and supporting materials - including the facts considered undisputed - show that the movant is entitled to it." *Fed. R. Civ. P.* 56(e)(3).

## II. Undisputed Facts

On the basis of the pleadings and the expanded record, and specifically on the portions of that record that comply with the requirements of Rule 56(c)(1), the following facts are undisputed

for purposes of the motion for summary judgment:

At all times relevant to this lawsuit, Barber was an officer of the Indianapolis Metropolitan Police Department ("IMPD"). On June 27, 2008, Barber was arrested in Marion County and charged with Sale of a Handgun to a Convicted Felon (Class C Felony) and Official Misconduct (Class D Felony). Defendant Elam is a Trooper with the Indiana State Police ("ISP") with approximately 17 years experience. Starting in 2007, in her official capacity as State Trooper, Elam was assigned to be a liaison with the FBI and IMPD task force with respect to investigating alleged official misconduct by certain IMPD officers. This effort was part of a larger federal, state, and local investigation into possible official corruption.

On June 27, 2008, Elam signed the Probable Cause Affidavit ("PCA") at issue for Barber's arrest. The arrest warrant was based, in part, on information from a confidential informant ("CI") contained in the PCA. At the time Elam prepared and signed the PCA, she had the following beliefs and objective knowledge:

> It was Elam's understanding that in February, 2008, and at other times leading up to March 10, 2008, IMPD Detective Jerry Canon ("Cannon") received information from a CI that he/she had purchased two handguns from Barber. The CI advised Cannon that Barber had knowledge of the CI's prior felony convictions.
>
> Cannon instructed the CI to arrange for the purchase of two other handguns. The CI and Barber agreed on a price and planned to meet on March 16, 2008, to complete the exchange. Cannon and FBI Special Agent Brian Ace met with the CI and equipped him with an audio listening device. The CI proceeded to meet Barber to complete the transaction which was under constant surveillance by assisting investigators.
>
> Detective Matt Hall and Sergeant Garth Schwomeyer observed Barber arrive in the parking lot to meet the CI. While the CI was in the vehicle with Barber, Barber delivered a firearm to the CI. In exchange for the handgun, the CI paid Barber in prerecorded buy money. The CI exited the vehicle and proceeded to a predetermined location to meet with law enforcement officers. The CI returned the recording device, the unutilized buy money, and the firearm purchased from the Barber. Cannon transported the handgun to the FBI's property room.

Based on the above facts a PCA was prepared and signed by Elam on June 27, 2008, and Barber was arrested shortly thereafter. Elam was on vacation outside Indiana on March 16, 2008 – the date Barber purchased the gun from the CI. However, Elam relied upon the information provided by the officers mentioned above, and Elam observed (from a distance, and not as a direct participant) earlier meetings with the CI. Elam also personally listened to the relevant March 16, 2008, wire recording of the CI and Barber, and was aware of the background checks of the guns at issue and the nature of the CI.

The PCA was the product of significant investigation by multiple sworn law enforcement officers, and was reduced to writing by Elam and Officer Garth Schwomeyer. Elam handled the relevant evidence on July 11, 2008. She took the gun from the FBI evidence room and submitted it to the ISP lab for exam and storage.

Elam was not present for Barber's arrest or search-incident-to-arrest on or about June 27, 2008. This was handled by other officers. Elam's only contact with Barber the day of his arrest, on or about June 27, 2008, was to see him briefly at the police station parking lot. Barber advised he did not want to speak with her. Barber's request was honored.

Elam had no personal interest or stake in the arrest or prosecution of Barber, and operated solely as a sworn officer of the ISP in the investigation and preparing the PCA.

### III. Analysis

Barber alleges that Trooper Elam violated his Fourth Amendment rights by causing an arrest warrant to be issued without probable cause. Barber alleges that he never sold, gave, or transferred any firearm to the CI. He also alleges that following the arrest, the CI made contact with Barber's attorney, and told him that IMPD officers Jerry Cannon and Garth Schwomeyer and others in the unit did not like Barber for personal reasons and had given the CI the gun to plant on him. Not only

does Barber not present any evidence supporting his contentions, but the allegations as to the CI's post-arrest statements occurred after Elam signed the PCA and could not have had any bearing on Elam's subjective state of mind or objective knowledge at the time she prepared the PCA.

To establish that Trooper Elam caused a wrongful arrest, Barber must show that Elam "knowingly or intentionally or with a reckless disregard for the truth, made false statements to the judicial officer, and that the false statements were necessary to the judicial officer['s] determinations that probable cause existed for the arrest[ ]." *Beauchamp v. City of Noblesville,* 320 F.3d 733, 742 (7th Cir. 2003). "A 'reckless disregard for the truth' is demonstrated by showing that the officers entertained serious doubts as to the truth of their statements, had obvious reasons to doubt the accuracy of the information reported, or failed to inform the judicial officer of facts they knew would negate probable cause." *Id.* at 743.

Elam contends that she is entitled to qualified immunity as to Barber's wrongful arrest claim. If Elam's conduct "did not violate clearly established constitutional rights of which a reasonable person would have known," she would be entitled to qualified immunity. *Jones v. Clark*, 630 F.3d 677, 682 (7th Cir. 2011)(citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). This determination breaks down to two central questions: 1) whether Elam violated Barber's constitutional rights and, 2) whether a reasonable officer would have known her actions were unconstitutional in light of clearly established law at the time of the incident. *Id. See also Whitlock v. Brown*, 596 F.3d 406, 410 (7th Cir. 2010).

As noted, because Barber failed to respond to the motion for summary judgment, all of Elam's supported statements of fact are accepted as true for purposes of the motion. Elam based her PCA on the information she obtained from other IMPD officers, from her own observation of meetings with the CI, from having seen the background checks of the firearms at issue, and from

5

listening to the wire recording of the March 16, 2008, meeting between Barber and the CI.

There is no evidence that the sources of Elam's information were not trustworthy. There is no evidence showing that Elam doubted that the information she had gathered was true, nor is there evidence showing that a reasonable officer would have had obvious reasons to doubt the truth of the information. There is no evidence of any reckless disregard of the truth on the part of Elam in preparing and signing the PCA. At the time that Elam completed the affidavit of probable cause, the facts and circumstances within her knowledge were sufficient to support a reasonable officer's belief that Barber had committed a crime. Accordingly, Barber has failed to present evidence sufficient to create a genuine issue of fact that Elam made any false statements in the PCA or that probable cause was lacking for his arrest.

"The purpose of the doctrine [of qualified immunity] is to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Catlin v. City of Wheaton*, 574 F.3d 361, 365 (7th Cir. 2009) (internal quotation omitted). Here, there was no violation of Barber's Fourth Amendment rights on the part of defendant Elam. Elam is entitled to qualified immunity.

### IV. Conclusion

For the reasons set forth above, defendant Trooper Elam is entitled to qualified immunity and her motion for summary judgment [dkt 36] is **GRANTED**.

This ruling does not resolve claims against the remaining defendants. No partial final judgment shall issue at this time as to the claim resolved in this Entry.

**IT IS SO ORDERED:**

Date: 09/19/2011

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution attached.

6

Distribution:

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ard@rucklaw.com

Jennifer Lynn Haley
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
jhaley@indy.gov

John F. Kautzman
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
jfk@rucklaw.com

Aaron R. Raff
INDIANA ATTORNEY GENERAL
aaron.raff@atg.in.gov

John C. Ruckelshaus
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
jcr@rucklaw.com

Alexander Phillip Will
OFFICE OF CORPORATION COUNSEL
awill@indygov.org

Jason S Barber
3114 N. Huber Street
Indianapolis, IN 46226